UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI TADDIA,

    Plaintiff,

v.

                                  Case No. 13-11922

                                  Hon. John Corbett O'Meara

CITIMORTGAGE,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, filed September 20, 2013, and Defendant's motion for a more definite statement, filed May 28, 2013. In response to Defendant's motion for a more definite statement, Plaintiff has provided an amended complaint. Plaintiff also filed a response to Defendant's motion to dismiss on October 11, 2013. Defendant submitted a reply brief on October 28, 2013.

## BACKGROUND FACTS

Plaintiff filed this complaint against the holder of her mortgage, CitiMortgage, Inc. Plaintiff alleges that CitiMortgage failed to properly apply her monthly payments to her loan and held some payments in suspension. Plaintiff further alleges that CitiMortgage falsely reported to credit reporting agencies that

she missed mortgage payments. Plaintiff's complaint contains two counts: a violation of the Fair Credit Reporting Act and breach of contract. Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## LAW AND ANALYSIS

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

Under the Fair Credit Reporting Act, a furnisher of information to credit

---

[1] Given Defendant's ability to formulate a response after Plaintiff presented an amended complaint, the court will consider Defendant's motion for a more definite statement moot.

reporting agencies, like CitiMortgage, is prohibited from furnishing information that it "knows or has reasonable cause to believe is inaccurate" or information that it has been told by the consumer is inaccurate. 15 U.S.C. § 1681s-2(a)(1). Furnishers are also required to correct and update information to ensure that it is accurate and to notify credit reporting agencies if the consumer disputes the information provided. 15 U.S.C. § 1681s-2(a)(2), § 1681s-2(a)(3).

However, there is no private right of action pursuant to 15 U.S.C. §§ 1681n or 1681o if a furnisher fails to comply with the requirements of § 1681s-2(a). 15 U.S.C. § 1681s-2(c)(1). See also Elsady v. Rapid Global Business Solutions, Inc., 2010 WL 742900 at *2-3 (E.D. Mich. Feb. 26, 2010). A furnisher of information is subject to additional requirements, such as correcting inaccuracies, pursuant to 15 U.S.C. § 1681s-2(b). These obligations are not triggered, however, until a furnisher of information receives notice of a dispute by a consumer reporting agency. See Elsady, 2010 WL 742900 at *3. If a furnisher does not comply with 15 U.S.C. § 1681s-2(b), a consumer may maintain a private cause of action. See 15 U.S.C. § 1681s-2(c)(2).

Here, Plaintiff has alleged that she informed CitiMortgage and the consumer reporting agencies of the inaccurate information reported by CitiMortgage. Plaintiff has not alleged, however, that CitiMortgage received notification from a

consumer reporting agency regarding the disputed information. Under 15 U.S.C. § 1681s-2(b), a furnisher's obligations do not arise until it has received notice of a dispute from a consumer reporting agency. "While this may be a technical defect, courts have held that a consumer cannot satisfy this requirement by directly contacting a furnisher of information." Elsady, 2010 WL 742900 at *4 (citing Downs v. Clayton Homes, Inc., 88 Fed. Appx. 851, 853 (6th Cir. 2004)). Because Plaintiff has failed to allege that CitiMortgage received notification of the dispute from a credit reporting agency, she cannot state a claim under § 1681s-2(b) as a matter of law. See id. Therefore, the court will dismiss Plaintiff's Fair Credit Reporting Act claim.

Plaintiff's remaining claim – breach of contract – arises under state law. "[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims." Brown v. Cassens Transport Co., 546 F.3d 347, 363 (6th Cir. 2008) (citing 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). See also Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (citation omitted). Accordingly, the court will decline to exercise jurisdiction over Plaintiff's breach of contract claim.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED. Plaintiff's Fair Credit Reporting Act claim is DISMISSED WITH PREJUDICE and Plaintiff's breach of contract claim is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion for a more definite statement is DENIED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: November 6, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 6, 2013, using the ECF system.

                                                s/William Barkholz
                                                Case Manager